78 August 5, 2026 No. 751

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER SEAN BOLDS,
*Defendant-Appellant.*

Marion County Circuit Court
22CR12074, 21CR57979; A185527 (Control), A185528

Natasha A. Zimmerman, Judge.

Argued and submitted June 16, 2026.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense, Commission.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Judgment in Case No. 22CR12074 reversed and remanded for entry of an amended judgment; otherwise affirmed.

**TOOKEY, P. J.**

In this consolidated criminal case, defendant appeals judgments of conviction for criminally negligent homicide, ORS 163.145, based on his guilty plea (Case No. 22CR12074); driving under the influence of intoxicants (DUII), ORS 813.010(4), based on his no contest plea (Case No. 22CR12074); and fourth-degree assault constituting domestic violence, ORS 163.160(2), based on his guilty plea (Case No. 21CR57979).[1] In his first assignment of error, defendant challenges the court's "deviat[ion] from the plea agreement without offering defendant an opportunity to withdraw his pleas." In his second assignment, defendant asserts that "[t]he trial court erred in ordering that it could impose additional assessments without further notice to defendant and without further court order." For the reasons set forth below, we reverse the judgment in Case No. 22CR12074 and remand for entry of an amended judgment deleting the references to "other assessments," and we otherwise affirm.[2]

*The Trial Court's Deviation from the Plea Agreement.* We begin with defendant's arguments that the trial court was required to advise him that it intended to deviate from the sentence the state agreed to recommend in exchange for defendant's guilty and no-contest pleas and allow him an opportunity to withdraw his pleas.[3] ORS 135.390 governs the trial court's responsibilities when a defendant in a criminal proceeding pleads guilty or no contest, including when a defendant does so pursuant to a plea agreement. Subsection (5) of that statute provides:

---

[1] The court dismissed a count of reckless driving at the state's request pursuant to the plea agreement.

[2] During the pendency of this appeal, the trial court entered an amended judgment in Case No. 22CR12074, on defendant's motion, to specify how defendant should receive credit for time he served in jail pending trial. The amended judgment, which was transmitted to this court, does not alter the "other assessments" provision that defendant challenges on appeal, and defendant notified this court that he intends to proceed with this appeal pursuant to ORS 138.071(4)(a)(B).

[3] The state recommended a sentence of 41 months in prison on the criminally negligent homicide conviction, 48 hours in jail on the DUII conviction, and 180 days in jail on the fourth-degree assault conviction, with all sentences to run concurrently.

"(a)   If the district attorney has provided a plea offer and agreed disposition recommendation to the defendant as provided in ORS 135.405 and the defendant is entering a guilty plea based on the plea offer and agreed disposition recommendation, the court shall determine whether the plea is voluntarily made. Except as otherwise provided in paragraph (b) of this subsection, if the court finds that the plea is voluntarily made, the court shall impose sentence as provided in the agreed disposition recommendation.

"(b)   If the court determines that the agreed disposition recommendation is inappropriate in a particular case, the court shall so advise the parties and allow the defendant an opportunity to withdraw the plea."

ORS 135.390(5).

Defendant argues that the trial court erred under ORS 135.390(5)(b) in deviating from the "agreed disposition" without offering him an opportunity to withdraw his pleas. We understand the state to first respond that defendant's claim is unreviewable under ORS 138.105(8)(a)(A) and (9), which provide that "[t]he appellate court has no authority to review" "[a] sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission" or "any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." Because we and the Supreme Court have rejected the same or similar arguments in other cases, we disagree with the state. *See State v. Gardner-Rolph*, 345 Or App 681, 687, 584 P3d 270 (2025), *rev den*, 375 Or 261 (2026) ("Although ORS 138.105(8) precludes judicial review of a challenge to the *length* of an imposed presumptive sentence, our case law establishes that it does not preclude review of other challenges." (Emphasis in original)); *State v. Stokes*, 133 Or App 355, 357, 891 P2d 13 (1995) (concluding that ORS 138.105(8)(a)(A)'s predecessor, *former* ORS 138.222(2)(a) (1995), *repealed by* Or Laws 2017, ch 529 § 16, did not preclude review of the imposition of consecutive sentences); *State v. Rusen*, 369 Or 677, 695-96, 509 P3d 628 (2022) (holding that ORS 138.105(9) precludes review of a sentencing challenge only when the parties "have agreed to a specific sentence" and then "preclude[s] review only of the part of the sentence on which the parties agreed"). Furthermore, ORS

138.105(7) expressly provides us with authority to review a "sentence to determine whether the trial court failed to comply with requirements of law in imposing \*\*\* a sentence," which is what defendant contends in this case.

However, we agree with defendant and the state that this claim of error is not preserved, given that defendant did not seek to withdraw his plea. Defendant argues that we should excuse preservation as we did in *State v. Craig*, 337 Or App 38, 42-43, 563 P3d 389 (2024). However, in *Craig*, we excused preservation "due to an unusual confluence of circumstances," including that the defendant was represented by different attorneys at the plea hearing and sentencing hearing, and at the sentencing hearing "the court inadvertently misstated that it had already told the parties that it would not impose the agreed-upon disposition." *Id.* at 42. Those circumstances are not present here. Given the significant differences between the circumstances in this case and the circumstances in *Craig*, and because the record does not disclose any other reasons to excuse preservation, we decline to do so in this case.

Defendant alternatively requests that we review for plain error his claim that the trial court erred in failing to allow him an opportunity to withdraw his plea once it determined it would not follow the state's sentencing recommendation. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may, in its discretion, consider a plain error."). We do not agree that, under ORS 135.390(5) (b), the trial court committed plain error as defendant contends. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences."). As noted above, ORS 135.390(5) (b) provides in part that "[i]f the court determines that the agreed disposition recommendation is inappropriate," then it must allow the defendant an opportunity to withdraw the plea. We understand the state to argue that, properly

construed, the term "agreed disposition recommendation" does not encompass the state's sentencing recommendation in this case, because that term is limited to recommendations arising out of an agreement the state and a defendant enter into "under an early disposition program established under ORS 135.941." ORS 135.405(5)(a).

We conclude that the state's proposed construction of the term "agreed disposition recommendation" is plausible given the statutory context. *See* ORS 135.405(5)(a) ("A district attorney may provide a plea offer and *agreed disposition recommendation* to the defendant at the time of the arraignment or first appearance of the defendant for a crime in open court *under an early disposition program* established under ORS 135.941." (Emphases added)); *see also* ORS 135.405(5)(b) ("Unless extended by the court, a plea offer and agreed disposition recommendation made under paragraph (a) of this subsection expire upon completion of the arraignment. Except for good cause, a court may not extend a plea offer and agreed disposition recommendation under this paragraph for more than seven days for a misdemeanor or 21 days for a felony.").

Therefore, it is not obvious and beyond reasonable dispute that ORS 135.390(5) applied to the sentencing recommendation in this case and required the court to ask defendant whether he wanted to withdraw his guilty pleas once it determined it would not impose the state's recommended sentence.[4] *See State v. Johnson*, 329 Or App 57, 63, 540 P3d 73 (2023) ("To conclusively resolve this legal issue of first impression, we would have to engage in an in-depth analysis of statutory text, context, and legislative history to a degree that exceeds the bounds of plain-error review.").

Defendant's reliance on *Craig* in arguing for plain error review is not helpful in this case, because the question

---

[4] In a related case, *State v. Fowler*, 350 Or App 512, 513, ___ P3d ___ (2026), we recently rejected substantially similar plain error arguments regarding the application of ORS 135.390(5). In *Fowler*, we concluded that the record indicated that there was not an "agreed disposition recommendation" because the "[d]efendant and the state *** presented different disposition recommendations to the trial court." *Id.* at 514. We therefore did not construe the term "agreed disposition recommendation" to determine whether it applies to any and all stipulated sentences or only those agreed to under an early disposition program.

of whether and when ORS 135.390(5) applies to a plea agreement and sentencing recommendation was not before us in that case, given that the parties in *Craig* agreed that ORS 135.390(5) applied to the circumstances in that case. *See Craig*, 337 Or App at 43 n 5 ("For present purposes, we accept the parties' position that ORS 135.390(5) applies here * * * ."). We offer no opinion on whether we would reach the same conclusion in this case if the claimed error had been preserved. Accordingly, we conclude that defendant's first assignment of error provides no basis for reversal.[5]

*Other Assessments*. We turn then to defendant's second assignment, in which he argues that the trial court erred when, in the judgment in Case No. 22CR12074, it stated: "The court may increase the total amount owed by adding collection fees and *other assessments*. These fees *and assessments* may be added without further notice to the defendant and without further court order." (Emphases added).

We recently addressed identical language in *State v. Martinez*, 347 Or App 273, 587 P3d 428 (2026). In *Martinez*, we determined that ORS 1.202 authorized the trial court to include in the judgment the statement that it was permitted to add collection fees without further notice and court order. *Id.* at 278. We further concluded, however, that ORS 1.202 does not authorize "other assessments" and that the court erred in including the references in the judgment to "other assessments" because those misstated the law. *Id.* at 279-80. We reversed and remanded for entry of an amended judgment deleting the references to other "assessments." *Id.* at 280.

The same analysis and disposition are appropriate here because the language in the judgment is identical. Accordingly, we reverse the judgment and remand for entry of an amended judgment deleting the terms "and other assessments" and "and assessments" from the judgment.

Judgment in Case No. 22CR12074 reversed and remanded for entry of an amended judgment; otherwise affirmed.

---

[5] We note that, at oral argument, the state conceded plain error under *Craig* with regard to defendant's first assignment of error. But, for the reason described above, *Craig* is not helpful in this case, and therefore we do not accept the state's concession regarding defendant's first assignment of error.